HAROLD C. MOIST et al., Plaintiffs-Appellants, v. THE COUNTY OF
DU PAGE, Defendant-Appellee.

(No. 71-357; )

Second District—March 23, 1973.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellants.

William V. Hopf, State's Attorney, of Wheaton, (Malcolm F. Smith,
Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

This is an appeal from a judgment declaring the provisions of the
zoning ordinance of Du Page County valid as it applies to plaintiffs'
land located at the northwest corner of Illinois Routes 53 and 56 classi-
fied R-2 (single family residential).

Plaintiffs contracted to sell their property to Yale Development Co.
subject to the condition that it be rezoned for use as an automobile ser-
vice station. After denial of plaintiffs' application by the Zoning Board
of Appeals of Du Page County, and later by the County Board of Super-
visors, plaintiffs brought this action.

The subject property consists of approximately two acres at the
northwest corner of Routes 53 and 56, having a frontage of 227 feet on
Route 53, which runs north and south, and 184 feet on Route 56 (Butter-

field Road), which runs east and west. Both are heavily traveled arterial thoroughfares in central Du Page County, controlled by stop lights, with an average traffic load (at the time of trial in May, 1971) of about 53,900 vehicles entering this intersection every 24 hours. A State highway construction program proposed and in process for the intersection provides for widening and channelizing each thoroughfare with a non-mountable barrier median at each approach thereto and three 12-foot lanes approaching (one of which is a left turn storage lane) and two lanes leaving the intersection from each direction.

Across Route 56 to the south of plaintiffs' parcel is a 45-acre tract that was rezoned in 1957 to B-2 (Business district). It has a frontage of over 1300 feet along Butterfield Road and a frontage of 1800 feet along Route 53; the north half of the parcel has been improved with a large shopping center consisting of a Jewel-Osco complex and other retail stores. In 1969 Du Page County permitted the construction and operation of an automobile service station on the southwest corner of the intersection directly across from plaintiffs' property.

Diagonally across from the property, at the southeast corner of the intersection, is a large parcel of land which was annexed to the Village of Downers Grove and zoned M-2 by that municipality. The M-2 classification permits light manufacturing and industrial operations which is the most intensive use permitted under that ordinance with a height limitation of 75 feet.

The northeast corner is a two-acre tract improved with a single family residence which the trial judge described as "obviously untenanted". To the east of that are public institutional uses including a park district, a commercial swimming pool, a tennis club, a public golf course, and a church.

The proposed station would use only about 35% of the parcel and would be located at the corner. There would be an 80-foot buffer zone between the service station activities and the property to the west, and an 84-foot buffer to the property to the north. There are trees, bushes and natural foliage to the west and north on the parcel which would be retained and serve as a natural screen to the parcels on the north and west; and plaintiffs would be willing to provide additional plantings if ordered to do so. They would also be willing to provide that major engine overhauls, and use of the station for an auto laundry or car wash, or for storage of automobiles or rental of trailers or the like, on the premises would be prohibited if rezoning were granted.

A zoning and planning expert testified for the plaintiffs that the proposed use represented one of the highest and best uses of the property

and that its use as an automobile service station would not have a detrimental effect on the adjoining residential areas; that the traffic at this signalized intersection with its noise, congestion, and "stop-and-goes" created a more adverse effect; and that the proposed service station would not adversely affect the general health, welfare and safety of the community. Plaintiffs' real estate expert testified that the highest and best use of the property was as an automobile service station; that as presently zoned the value of the property was $10,000 to $12,000 and if used as a service station, its value would be $100,000 to $120,000; that there would be no depreciation to any properties in the area, particularly in view of the natural screening of this parcel to the property to the north and west.

The owner of the parcel immediately to the west of plaintiffs' property testified for the plaintiffs in support of rezoning, stating that he had abandoned plans to erect a residence on his property after the rezoning of the southwest corner across from his parcel by the County Board for a shopping center and gas station, and the rezoning of the southeast corner for manufacturing.

■■ The only witness for the defendant County was a real estate expert. While he testified that an automobile service station would have a 10% depreciation on the residential property to the north, it was his opinion that the highest and best use of plaintiffs' property would be commercial such as an apartment building or an automobile service station.[1]

The trial judge in entering the order appealed from upholding the R-2 classification in the ordinance for plaintiffs' parcel, stated that his basis was that Route 56 (the east-west highway) is a "buffer zone between this property and that which is already zoned for business".

Almost two months later (but after notice of appeal in this case and

---

[1] We are impelled to observe that at this point, both sides having rested, the trial judge announced that he was "astounded" by the testimony of defendant's own witness and the "overwhelming evidence" that the highest and best use of plaintiffs' property included a service station, or something of that nature, and that in view thereof, "this matter will be referred to the Zoning Board of Appeals for further action consistent with the testimony * * * adduced in this case" but the court retained jurisdiction and would await their action.

We do not understand this procedure, but since the record does not include any such order and, since no objection was made by the plaintiffs, we will not consider the plaintiffs' contention that in zoning cases a trial judge is limited to granting or denying the relief requested and has no inherent power to refer the case to the Zoning Board of Appeals. It may be noted, however, that the order appealed from was entered on plaintiffs' motion in July, 1971 about two months after the trial was concluded.

before the filing of the record on appeal) the Du Page County Board granted a petition for rezoning of the northeast corner of the intersection so as to permit the construction and operation of an automobile service station there. (This fact was conceded by the defendant's counsel and was brought to our attention by plaintiffs' motion in the trial court, under Section 72 of the Civil Practice Act, to vacate the order appealed from in view of such rezoning of that corner, the result of which was to eliminate Route 56 as a buffer.)

We took with this case defendant's motion to strike from the record on appeal plaintiffs' motion to vacate based upon the rezoning of the northeast corner; that motion is denied.

On oral argument counsel for the defendant County was relegated to arguing that Route 53, the north-south highway, constituted a buffer with Route 56 against plaintiffs' parcel on the northwest corner. The record would not support such a holding.

■■ The general principles applied by the courts to test the validity of a zoning ordinance as it applies to a given parcel have been stated many times and need not be restated here. (See *Atkins v. County of Cook*, 18 Ill.2d 287, 292-294.) Clearly, the plaintiffs here have sustained the burden of proving that the Du Page County zoning ordinance is arbitrary, capricious and discriminatory as applied to plaintiffs' property; the gain to the public, if any, is small compared to the hardship imposed upon plaintiffs thereby. See *Pioneer Trust & Sav. Bank v. McHenry County*, 41 Ill.2d 77, 85.

In view of our holding it is unnecessary to consider other contentions urged by the plaintiffs. This case is reversed and remanded with directions to enter a decree in accordance with this opinion.

Reversed and remanded with directions.

GUILD, P. J., and T. MORAN, J., concur.